IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT FRANKLIN, | No. C 02-05384 SI |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| DERRAL ADAMS, Warden, | |
| Respondent. | |

Roosevelt Franklin filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 13, 2002.[1] Respondent filed his answer to the writ with the Court on April 1, 2005. Petitioner filed his traverse on May 6, 2005. Having considered the papers, evidence and declarations submitted, the Court hereby DENIES the petition.

**BACKGROUND**

Petitioner was charged by Complaint dated July 22, 1999 (Answer, Ex. 1) with first degree burglary, a violation of Cal. Penal Code § 459. The Complaint charged six prior convictions, of which four were charged as "serious felonies." Id.

On March 21, 2000, petitioner pled no contest to the charge of first degree burglary,. At that time, petitioner acknowledged each of the following prior convictions:

First Prior Conviction: second degree burglary on October 15, 1997;

---

[1] The initial petition in this action was filed pro se. After respondent filed a motion to dismiss the petition as untimely, the Court ordered an evidentiary hearing and appointment of counsel for petitioner. After many delays, the evidentiary hearing was held on November 22, 2004. The parties thereafter submitted briefs and, in February 2005, this Court found that the petition was filed by the deadline in 28 U.S.C. § 2244(d) and denied the motion to dismiss.

    Second Prior Conviction: first degree burglary on May 20, 1994[2];
    Third Prior Conviction: first degree burglary on June 10, 1992;
    Fourth Prior Conviction: petty theft with priors (Cal. Penal Code §§ 484/666) on February 27, 1992;
    Fifth Prior Conviction: first degree attempted burglary on July 11, 1985; and
    Sixth Prior Conviction: first degree burglary on February 22, 1980.

Answer, Ex. 3 at 8-9.

    The Second, Third, Fifth and Sixth Prior Convictions were charged in the Complaint as "serious felonies." Answer, Ex. 1. At the plea hearing, there was a discussion as to whether the Second Prior Conviction should be classified as a serious felony under Cal. Penal Code § 667(a). Under California law, felonies listed in Cal. Penal Code § 1192.7(c) will be characterized as serious felonies for sentencing and subject to a five-year enhancement. Cal. Penal Code § 667(a). Burglaries are classified as serious felonies if they occur within "an inhabited dwelling house . . . or the inhabited portion of any other building." § 1192.7(c)(18). At the hearing, the district attorney told the court that the parties agreed to amend the Second Prior Conviction to no longer be classified as a serious felony. Instead, the Second Prior Conviction would enhance Mr. Franklin's sentence by one year for being a "prior separate prison term served for any felony." Cal. Penal Code § 667.5(b).

    Following the district attorney's explanation of their agreement to reduce the Second Prior Conviction, the court inquired as to Mr. Franklin's understanding of the agreement. Mr. Franklin responded that he did not understand what the district attorney had said, but that he did understand what his lawyer had told him. Answer, Ex. 3 at 2. The record indicates there was an off the record discussion between Mr. Franklin and his appointed counsel, Ms. Trina Stanley. The court then asked whether he understood what had taken place. Mr. Franklin answered that he understood and was prepared to accept the plea proposal. Answer, Ex. 3 at 2-3. The court informed Mr. Franklin of his right to separately challenge each of the prior convictions and he answered that he understood and was willing to waive those rights. Id. at 7.

    Based on the plea, the court found Mr. Franklin guilty of first degree burglary with six prior convictions. The sentencing court imposed a six year sentence for the current first degree burglary conviction. Based on Cal. Penal Code § 667(a), the sentencing court then enhanced Mr. Franklin's sentence by five years for the

---

[2] In their papers, the parties refer to the May 20, 1994 first degree burglary conviction as the "second prior conviction"; therefore, the Court will hereinafter refer to the May 20, 1994 first degree burglary conviction as the Second Prior Conviction.

2

prior serious felonies which occurred on February 22, 1980 (Sixth Prior Conviction), July 11, 1985 (Fifth Prior Conviction), and June 10, 1992 (Third Prior Conviction). The sentence was enhanced under the definition of serious felony as a "burglary of an inhabited dwelling house . . . or the inhabited portion of any other building." Cal. Penal Code § 1192.7(c)(18). The sentence was enhanced an additional year under § 667.5(b) for the Second Prior Conviction. The resulting prison sentence totaled twenty-two years.

Petitioner did not appeal his burglary conviction. On January 10, 2002, petitioner filed a pro se petition for writ of habeas corpus in Alameda County Superior Court, which was denied for a failure to state a prima facie claim for relief on January 11, 2002. Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal on February 22, 2002, and was denied on February 26, 2002. Petitioner next petitioned the California Supreme Court on April 16, 2002, and was denied writ on October 2, 2002.

Petitioner brought the current 28 U.S.C. § 2254 writ of habeas corpus on November 13, 2002. Respondent brought a motion to dismiss the petition as untimely which, after an evidentiary hearing on November 22, 2004, was denied by the court on February 7, 2005. Respondent filed its answer on April 1, 2005. Petitioner submitted its traverse on May 6, 2005, with the help of appointed counsel.

## STANDARD OF REVIEW

A federal court is barred from reviewing a question of federal law decided by a state court if the state court decision rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). The Supreme Court has stated:

> When a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule just as completely as if this Court had reversed the state judgment on direct review. In such a case, the habeas court ignores the State's legitimate reasons for holding the prisoner.

Id. at 730 (citation omitted). Only when the state's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; [or] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" may a state sentence be overturned on a federal writ of habeas corpus. 28 U.S.C. § 2254(d)(1-2).

The "contrary to" clause of § 2254(d)(1) allows the Court to grant a writ of habeas corpus when the state court's judgment differs from a Supreme Court ruling "on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A § 2254 federal habeas proceeding is only proper if the defendant was deprived of constitutional due process, so that the admission of evidence rose to an arbitrary or prejudicial level which rendered the trial fundamentally unfair. Reiger v. Christensen, 789 F.2d 1425, 1430 (9th Cir. 1986).

**Insufficiency of the evidence:** A state prisoner may seek federal habeas relief by alleging that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 321 (1979). The Jackson standard also applies to state sentence enhancements: a petitioner can obtain habeas relief if no rational trier of fact could find the elements of the enhancement true beyond a reasonable doubt. Garcia v. Carey, 395 F.3d 1099, 1102 (9th Cir. 2005) (granting habeas relief because there was no evidence that robbery furthered other gang criminal activity, an element of the gang sentencing enhancement in Cal. Pen. Code § 186.22(b)(1)).

However, despite the challenges allowed by Jackson, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Id.; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988); Hudson v. Moran, 760 F.2d 1027, 1030 (9th Cir. 1985).

**Ineffective assistance of counsel**: In a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d). Both the performance and the prejudice components of the ineffectiveness

4

inquiry are mixed questions of law and fact. Strickland v. Washington, 466 U.S. 688, 698 (1984). Claims of ineffective assistance therefore require a review of the record.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 687-88. The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. See Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689.

Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Where the defendant is challenging his conviction, the appropriate question is "'whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" Luna v. Cambra, 306 F.3d 954, 961 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 695).

## DISCUSSION

Petitioner makes two claims to support his § 2254 habeas proceeding. First, petitioner argues that there was insufficient evidence to establish that the prior convictions were serious felonies, to support enhancements under Cal. Penal Code § 667(a). Second, petitioner argues that his trial counsel was ineffective for failing to object to the enhancements for serious felonies during the sentencing phase.

**1. Petitioner may only raise objections to the voluntariness of the guilty plea in the habeas corpus proceedings**

Petitioner's contention that there was insufficient evidence that his prior convictions were serious felonies is improper in this § 2254 habeas proceeding, since petitioner entered a guilty plea at trial. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. Haring, 462 U.S. at 319-20. "A guilty plea

5

represents a break in the chain of events which has preceded it in the criminal process" negating any possible pre-plea constitutional claim. Tollet, 411 U.S. at 267. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. In order to uphold the certainty of the conviction, petitioner may not claim constitutional violations regarding elements within the plea agreement after the guilty plea has been entered.

As is discussed below, petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland]." Id. Petitioner's claims as to the sufficiency of the evidence necessary to establish the sentence enhancements may be relevant to whether counsel should had advised him to enter a plea of guilty, but cannot independently support a writ of habeas corpus. Accordingly, the Court rejects petitioner's claims relating to the sufficiency of the evidence.

**2.    Effective assistance of counsel rendered the plea voluntary and intelligent.**

Petitioner claims his counsel provided ineffective assistance by not objecting to the serious felony enhancements at sentencing and by not informing him that he could contest the serious felony allegations. Traverse at 2. To prove his ineffective assistance claim, petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner contends a reasonable attorney would have contested classifications of the three prior convictions as "serious felonies." The Court disagrees. Petitioner had five prior convictions for burglary and another for petty theft. Four of these prior convictions took place in inhabited dwellings, and thus would have been established as serious felonies under Cal. Penal Code § 1192.7(c)(18). Therefore, the three strikes law would apply, making Mr. Franklin eligible for a minimum twenty-five years to life sentence.

In her pretrial negotiation letter (Answer, Ex. 5), Ms. Stanley articulated a clear understanding of the facts of Mr. Franklin's various burglaries of inhabited dwellings. Although she cast them in the light most favorable to petitioner, by underscoring petitioner's non-violent and comparatively benign conduct when caught,

she outlined circumstances squarely supporting the statutory classifications given. Ms. Stanley urged the District Attorney that Mr. Franklin should be spared conviction under the three strikes law because he was not the violent "type of offender contemplated by the statute." Id. at 4. Clearly, Ms. Stanley foresaw the possibility of a sentence under the three strikes law for over twenty-five years. Petitioner agreed to a plea arrangement with a significantly less severe sentence than the possible sentence from a conviction under the three strikes law. Petitioner received three five-year enhancements for serious felonies, and an additional one-year enhancement for the second prior conviction. The Court finds Ms. Stanley's decision to pursue a plea agreement to be a reasonable choice under the circumstances of the case.

Ms. Stanley encouraged petitioner to accept the plea agreement rather than face the possibility of a twenty-five years to life sentence under the three strikes law. The prejudice element of Strickland is not met if petitioner received significant benefits from his plea agreement. United States v. Baramdyka, 95 F.3d 840, 846-847 (9th Cir. 1996). In Baramdyka, petitioner could not argue the ineffectiveness of his counsel for not questioning the validity of a lesser crime that he plead guilty to, because he would have received a longer sentence if he had been convicted of the charge dismissed pursuant to the plea agreement. Id. Mr. Franklin similarly cannot argue his counsel's performance prejudiced him since he received a less severe punishment by agreeing to the guilty plea. A three strikes conviction would result in a sentence of twenty-five years to life, without parole. Under the plea agreement, petitioner received a twenty-two year sentence and will be "eligible for parole consideration in approximately 17 years 7 months." Answer at 10. Ms. Stanley provided effective assistance to petitioner, whereby no prejudice to the result of the proceeding can be found, since petitioner received a much less severe punishment than he would have faced at trial.

Petitioner contends counsel's deficient performance led to an involuntary guilty plea. To establish an involuntary plea, petitioner must prove "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Following the reduction of the Second Prior Conviction from a § 667(a) "serious felony" characterization to a one-year enhanced §667.5(b) classification, the trial court made inquiries into petitioner's understanding of the reduction at the plea hearing. Petitioner stated that he did not understand what the district attorney had just said about the Second Prior Conviction, but that he understood what his attorney had told him. Answer, Ex.

7

3 at 2. After an off the record discussion with counsel, petitioner stated that he understood the impact of the Second Prior Conviction and wanted to accept the plea agreement. Id. at 2-3.

Since petitioner understood the impact of the prosecution's striking of the "serious felony" characterization of the Second Prior Conviction, it reasonably follows that petitioner understood the importance of classifying a prior offense as a "serious felony." During the plea, petitioner was reminded of and waived his right to "challenge each and every one of those priors through the exercise of [his] rights." Id. at 7. Therefore being aware of the consequences of his prior convictions, petitioner voluntarily and intelligently entered his plea as required by North Carolina v. Alford, 400 U.S. 25, 31 (1970). Petitioner then admitted to the court his cognizance of those rights he waived regarding his ability to contest the priors. Answer, Ex. 3 at 7. The Court finds Mr. Franklin was informed of the sentencing consequences of his plea, and thus counsel provided effective assistance allowing Mr. Franklin to make a voluntary and intelligent choice to plead guilty.

///

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES petitioner's writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: September 14, 2005

_____
SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT FRANKLIN, | No. C 02-05384 SI |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| DERRAL ADAMS, Warden, | |
|     Respondent. | |

Roosevelt Franklin filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 13, 2002.[1] Respondent filed his answer to the writ with the Court on April 1, 2005. Petitioner filed his traverse on May 6, 2005. Having considered the papers, evidence and declarations submitted, the Court hereby DENIES the petition.

**BACKGROUND**

Petitioner was charged by Complaint dated July 22, 1999 (Answer, Ex. 1) with first degree burglary, a violation of Cal. Penal Code § 459. The Complaint charged six prior convictions, of which four were charged as "serious felonies." Id.

On March 21, 2000, petitioner pled no contest to the charge of first degree burglary,. At that time, petitioner acknowledged each of the following prior convictions:

First Prior Conviction: second degree burglary on October 15, 1997;

---

[1] The initial petition in this action was filed pro se. After respondent filed a motion to dismiss the petition as untimely, the Court ordered an evidentiary hearing and appointment of counsel for petitioner. After many delays, the evidentiary hearing was held on November 22, 2004. The parties thereafter submitted briefs and, in February 2005, this Court found that the petition was filed by the deadline in 28 U.S.C. § 2244(d) and denied the motion to dismiss.

Second Prior Conviction: first degree burglary on May 20, 1994[2];
Third Prior Conviction: first degree burglary on June 10, 1992;
Fourth Prior Conviction: petty theft with priors (Cal. Penal Code §§ 484/666) on February 27, 1992;
Fifth Prior Conviction: first degree attempted burglary on July 11, 1985; and
Sixth Prior Conviction: first degree burglary on February 22, 1980.

Answer, Ex. 3 at 8-9.

The Second, Third, Fifth and Sixth Prior Convictions were charged in the Complaint as "serious felonies." Answer, Ex. 1. At the plea hearing, there was a discussion as to whether the Second Prior Conviction should be classified as a serious felony under Cal. Penal Code § 667(a). Under California law, felonies listed in Cal. Penal Code § 1192.7(c) will be characterized as serious felonies for sentencing and subject to a five-year enhancement. Cal. Penal Code § 667(a). Burglaries are classified as serious felonies if they occur within "an inhabited dwelling house . . . or the inhabited portion of any other building." § 1192.7(c)(18). At the hearing, the district attorney told the court that the parties agreed to amend the Second Prior Conviction to no longer be classified as a serious felony. Instead, the Second Prior Conviction would enhance Mr. Franklin's sentence by one year for being a "prior separate prison term served for any felony." Cal. Penal Code § 667.5(b).

Following the district attorney's explanation of their agreement to reduce the Second Prior Conviction, the court inquired as to Mr. Franklin's understanding of the agreement. Mr. Franklin responded that he did not understand what the district attorney had said, but that he did understand what his lawyer had told him. Answer, Ex. 3 at 2. The record indicates there was an off the record discussion between Mr. Franklin and his appointed counsel, Ms. Trina Stanley. The court then asked whether he understood what had taken place. Mr. Franklin answered that he understood and was prepared to accept the plea proposal. Answer, Ex. 3 at 2-3. The court informed Mr. Franklin of his right to separately challenge each of the prior convictions and he answered that he understood and was willing to waive those rights. Id. at 7.

Based on the plea, the court found Mr. Franklin guilty of first degree burglary with six prior convictions. The sentencing court imposed a six year sentence for the current first degree burglary conviction. Based on Cal. Penal Code § 667(a), the sentencing court then enhanced Mr. Franklin's sentence by five years for the

---

[2]In their papers, the parties refer to the May 20, 1994 first degree burglary conviction as the "second prior conviction"; therefore, the Court will hereinafter refer to the May 20, 1994 first degree burglary conviction as the Second Prior Conviction.

2

1  prior serious felonies which occurred on February 22, 1980 (Sixth Prior Conviction), July 11, 1985 (Fifth Prior
2  Conviction), and June 10, 1992 (Third Prior Conviction). The sentence was enhanced under the definition of
3  serious felony as a "burglary of an inhabited dwelling house . . . or the inhabited portion of any other building."
4  Cal. Penal Code § 1192.7(c)(18). The sentence was enhanced an additional year under § 667.5(b) for the
5  Second Prior Conviction. The resulting prison sentence totaled twenty-two years.

6  Petitioner did not appeal his burglary conviction. On January 10, 2002, petitioner filed a pro se petition
7  for writ of habeas corpus in Alameda County Superior Court, which was denied for a failure to state a prima
8  facie claim for relief on January 11, 2002. Petitioner then filed a petition for writ of habeas corpus in the
9  California Court of Appeal on February 22, 2002, and was denied on February 26, 2002. Petitioner next
10 petitioned the California Supreme Court on April 16, 2002, and was denied writ on October 2, 2002.

11 Petitioner brought the current 28 U.S.C. § 2254 writ of habeas corpus on November 13, 2002.
12 Respondent brought a motion to dismiss the petition as untimely which, after an evidentiary hearing on
13 November 22, 2004, was denied by the court on February 7, 2005. Respondent filed its answer on April 1,
14 2005. Petitioner submitted its traverse on May 6, 2005, with the help of appointed counsel.

## STANDARD OF REVIEW

A federal court is barred from reviewing a question of federal law decided by a state court if the state court decision rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). The Supreme Court has stated:

> When a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule just as completely as if this Court had reversed the state judgment on direct review. In such a case, the habeas court ignores the State's legitimate reasons for holding the prisoner.

Id. at 730 (citation omitted). Only when the state's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; [or] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" may a state sentence be overturned on a federal writ of habeas corpus. 28 U.S.C. § 2254(d)(1-2).

The "contrary to" clause of § 2254(d)(1) allows the Court to grant a writ of habeas corpus when the state court's judgment differs from a Supreme Court ruling "on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A § 2254 federal habeas proceeding is only proper if the defendant was deprived of constitutional due process, so that the admission of evidence rose to an arbitrary or prejudicial level which rendered the trial fundamentally unfair. Reiger v. Christensen, 789 F.2d 1425, 1430 (9th Cir. 1986).

**Insufficiency of the evidence:** A state prisoner may seek federal habeas relief by alleging that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 321 (1979). The Jackson standard also applies to state sentence enhancements: a petitioner can obtain habeas relief if no rational trier of fact could find the elements of the enhancement true beyond a reasonable doubt. Garcia v. Carey, 395 F.3d 1099, 1102 (9th Cir. 2005) (granting habeas relief because there was no evidence that robbery furthered other gang criminal activity, an element of the gang sentencing enhancement in Cal. Pen. Code § 186.22(b)(1)).

However, despite the challenges allowed by Jackson, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Id.; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988); Hudson v. Moran, 760 F.2d 1027, 1030 (9th Cir. 1985).

**Ineffective assistance of counsel**: In a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d). Both the performance and the prejudice components of the ineffectiveness

4

inquiry are mixed questions of law and fact. Strickland v. Washington, 466 U.S. 688, 698 (1984). Claims of ineffective assistance therefore require a review of the record.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 687-88. The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. See Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689.

Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Where the defendant is challenging his conviction, the appropriate question is "'whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.'" Luna v. Cambra, 306 F.3d 954, 961 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 695).

**DISCUSSION**

Petitioner makes two claims to support his § 2254 habeas proceeding. First, petitioner argues that there was insufficient evidence to establish that the prior convictions were serious felonies, to support enhancements under Cal. Penal Code § 667(a). Second, petitioner argues that his trial counsel was ineffective for failing to object to the enhancements for serious felonies during the sentencing phase.

**1. Petitioner may only raise objections to the voluntariness of the guilty plea in the habeas corpus proceedings**

Petitioner's contention that there was insufficient evidence that his prior convictions were serious felonies is improper in this § 2254 habeas proceeding, since petitioner entered a guilty plea at trial. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. Haring, 462 U.S. at 319-20. "A guilty plea

5

represents a break in the chain of events which has preceded it in the criminal process" negating any possible pre-plea constitutional claim. Tollet, 411 U.S. at 267. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. In order to uphold the certainty of the conviction, petitioner may not claim constitutional violations regarding elements within the plea agreement after the guilty plea has been entered.

As is discussed below, petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland]." Id. Petitioner's claims as to the sufficiency of the evidence necessary to establish the sentence enhancements may be relevant to whether counsel should had advised him to enter a plea of guilty, but cannot independently support a writ of habeas corpus. Accordingly, the Court rejects petitioner's claims relating to the sufficiency of the evidence.

**2.      Effective assistance of counsel rendered the plea voluntary and intelligent.**

Petitioner claims his counsel provided ineffective assistance by not objecting to the serious felony enhancements at sentencing and by not informing him that he could contest the serious felony allegations. Traverse at 2. To prove his ineffective assistance claim, petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner contends a reasonable attorney would have contested classifications of the three prior convictions as "serious felonies." The Court disagrees. Petitioner had five prior convictions for burglary and another for petty theft. Four of these prior convictions took place in inhabited dwellings, and thus would have been established as serious felonies under Cal. Penal Code § 1192.7(c)(18). Therefore, the three strikes law would apply, making Mr. Franklin eligible for a minimum twenty-five years to life sentence.

In her pretrial negotiation letter (Answer, Ex. 5), Ms. Stanley articulated a clear understanding of the facts of Mr. Franklin's various burglaries of inhabited dwellings. Although she cast them in the light most favorable to petitioner, by underscoring petitioner's non-violent and comparatively benign conduct when caught,

6

she outlined circumstances squarely supporting the statutory classifications given. Ms. Stanley urged the District Attorney that Mr. Franklin should be spared conviction under the three strikes law because he was not the violent "type of offender contemplated by the statute." Id. at 4. Clearly, Ms. Stanley foresaw the possibility of a sentence under the three strikes law for over twenty-five years. Petitioner agreed to a plea arrangement with a significantly less severe sentence than the possible sentence from a conviction under the three strikes law. Petitioner received three five-year enhancements for serious felonies, and an additional one-year enhancement for the second prior conviction. The Court finds Ms. Stanley's decision to pursue a plea agreement to be a reasonable choice under the circumstances of the case.

Ms. Stanley encouraged petitioner to accept the plea agreement rather than face the possibility of a twenty-five years to life sentence under the three strikes law. The prejudice element of Strickland is not met if petitioner received significant benefits from his plea agreement. United States v. Baramdyka, 95 F.3d 840, 846-847 (9th Cir. 1996). In Baramdyka, petitioner could not argue the ineffectiveness of his counsel for not questioning the validity of a lesser crime that he plead guilty to, because he would have received a longer sentence if he had been convicted of the charge dismissed pursuant to the plea agreement. Id. Mr. Franklin similarly cannot argue his counsel's performance prejudiced him since he received a less severe punishment by agreeing to the guilty plea. A three strikes conviction would result in a sentence of twenty-five years to life, without parole. Under the plea agreement, petitioner received a twenty-two year sentence and will be "eligible for parole consideration in approximately 17 years 7 months." Answer at 10. Ms. Stanley provided effective assistance to petitioner, whereby no prejudice to the result of the proceeding can be found, since petitioner received a much less severe punishment than he would have faced at trial.

Petitioner contends counsel's deficient performance led to an involuntary guilty plea. To establish an involuntary plea, petitioner must prove "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Following the reduction of the Second Prior Conviction from a § 667(a) "serious felony" characterization to a one-year enhanced §667.5(b) classification, the trial court made inquiries into petitioner's understanding of the reduction at the plea hearing. Petitioner stated that he did not understand what the district attorney had just said about the Second Prior Conviction, but that he understood what his attorney had told him. Answer, Ex.

7

3 at 2. After an off the record discussion with counsel, petitioner stated that he understood the impact of the Second Prior Conviction and wanted to accept the plea agreement. Id. at 2-3.

Since petitioner understood the impact of the prosecution's striking of the "serious felony" characterization of the Second Prior Conviction, it reasonably follows that petitioner understood the importance of classifying a prior offense as a "serious felony." During the plea, petitioner was reminded of and waived his right to "challenge each and every one of those priors through the exercise of [his] rights." Id. at 7. Therefore being aware of the consequences of his prior convictions, petitioner voluntarily and intelligently entered his plea as required by North Carolina v. Alford, 400 U.S. 25, 31 (1970). Petitioner then admitted to the court his cognizance of those rights he waived regarding his ability to contest the priors. Answer, Ex. 3 at 7. The Court finds Mr. Franklin was informed of the sentencing consequences of his plea, and thus counsel provided effective assistance allowing Mr. Franklin to make a voluntary and intelligent choice to plead guilty.

///

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES petitioner's writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: September 14, 2005

SUSAN ILLSTON
United States District Judge